RECEIPT # 58501
AMOUNT $ 150.—
SUMMONS ISSUED 3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8-30-04

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA BALER,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | )<br>)<br>)<br>)<br>) C.A. No.<br>)<br>) **04 - 11885 PBS**<br>)<br>) |

**COMPLAINT**

MAGISTRATE JUDGE Alexander

*JURISDICTIONAL STATEMENT*

1. Suit is brought for money damages for personal injury caused by the negligent or wrongful act or omission of employees of the United States while acting within the scope of their office or employment, and this Court has jurisdiction over the within cause of action pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

2. Plaintiff resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District, and venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(2).

3. At all times mentioned herein, the United States Postal Service (hereinafter, "Postal Service") was a "federal agency" within the meaning of 28 U.S.C. § 2671.

*THE PARTIES*

4. Plaintiff Cynthia Baler is a natural person who resides in Mashpee, Barnstable County, Massachusetts.

5. The United States of America is the appropriate defendant under the Federal Tort Claims Act, as it is responsible for any negligent act or omission on the part of the United States Postal Service, and its agents, servants or employees.

2

## *FACTUAL ALLEGATIONS*

6. On or about September 11, 2002, plaintiff Cynthia Baler, was lawfully on the property of the United States Postal Service in Medfield, Massachusetts as a patron.

7. The defendant United States Postal Service, by and through its Postmaster Steven Kelly, as the owner or occupier of the subject property, was responsible for the maintenance, care, management and inspection of same, including the lobby area, and as such owed a duty to plaintiff.

8. On or about September 11, 2002, while lawfully upon the said property, the plaintiff Cynthia Baler suffered serious physical injury when she tripped and fell over a bunched up rug near the exit doors.

9. This dangerous condition was created by the United States Postal Service when it placed a moveable rug in an area where it would get repeatedly struck by the doorway and bunch up.

10. At the time of her fall, Ms. Baler's foot got caught on the rug and she fell forward striking her face and both knees.

11. The injuries and damages sustained by the plaintiff Cynthia Baler were the proximate result of the negligence of the United States of America, the United States Postal Service and its agents or employees, as follows:

    a.    Defendant negligently failed to maintain or repair, or adequately maintain or adequately repair said property;

    b.    Defendant negligently failed to inspect or adequately inspect said property;

    c.    Defendant negligently failed to keep said property in a reasonably safe condition;

3

d.  Defendant negligently permitted to exist and created a dangerous condition and negligently failed to correct said condition or remove the causes thereof from the premises, although defendant knew, or in the exercise of ordinary care should have known, of the presence of said defective condition;

e.  Defendant failed to warn of the presence of the dangerous condition of said premises although defendants knew, or in the exercise of reasonable care should have known, of the presence of said condition.

f.  Defendant negligently failed to exercise reasonable care for the safety of the members and foreseeable guests, including the plaintiff.

12. As a direct and proximate result of the negligence of the defendant United States of America, the plaintiff was caused to suffer severe and permanent physical injuries. She has suffered and will continue to suffer great pain of body and mind; has suffered and will continue to suffer a diminution of her earning capacity; has incurred and will continue to incur hospital and medical expenses; and has had his ability to enjoy life and engage in her usual and customary activities permanently and adversely affected.

## COUNT I

### Federal Tort Claims Act

13. The acts or omissions of the United States Postal Service and its agents, servants, or employees, were within the course and scope of their employment.

14. The United States, if a private person, would be liable to the plaintiff for the acts and omissions of its employees and agents under the law of the Commonwealth of Massachusetts.

15. On March 3, 2004, a standard form 95 claim was filed on behalf of the Plaintiff, with the Postal Service pursuant to 28 U.S.C. § 2675(a), regarding the injuries and damages which

4

were tortiously caused to Plaintiff on September 11, 2002. Plaintiff's claim requested damages in the amount of Sixty Thousand Dollars ($60,000.00).

16. On March 19, 2004, the Postal Service finally rejected Plaintiff's administrative claim. The instant suit is duly commenced within six months of the date of that rejection as required by 28 U.S.C. § 2401(b) and 39 C.F.R. § 912.9.

**WHEREFORE**, plaintiff Cynthia Baler prays judgment against defendant United States of America in an amount to be determined, together with interest and costs of this action.

Plaintiff,
By her attorneys,

Jeffrey N. Roy (BBO #548618)
RAVECH & ROY, P.C.
One Exeter Plaza
699 Boylston Street
Boston, MA 02116
(617) 303-0500

DATED:    August 30, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   Baler vs. United States of America

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740,
            790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    * Also complete AO 120 or AO 121
            for patent, trademark or copyright cases

   _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.                    04-11885 PBS

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?
   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☐

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐   NO ☒
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE?

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?   Eastern

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐  NO ☒    OR WESTERN DIVISION;  YES ☐  NO ☒

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐    MEDIATION ☒    SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                  OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Jeffrey N. Roy, Ravech & Roy, P.C.
ADDRESS   One Exeter Plaza, Boston MA 02116
TELEPHONE NO.   617-303-0500

(Category Form.wpd - 3/28/2000)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Baler, Cynthia

### DEFENDANTS
United States

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

BARNSTABLE COUNTY

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey N. Roy
Ravech & Roy, P.C.
One Exeter Plaza
Boston, MA 02116
617-303-0500

Attorneys (If Known)

04-11885 PBS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for (For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | [X] 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. s. 2674 (Federal Tort Claims Act) - negligence in maintaining a dangerous condition on premises

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: August 30, 2004
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____