UNITED STATES OF AMERICA
DISTRICT COURT OF THE DISTRICT OF MASSACHUSETTS

_____
                                       )
CYNTHIA BALER,                         )
      Plaintiff,                       )
                                       )
v.                                     )  Docket No. 04cv11885-PBS
                                       )
UNITED STATES OF AMERICA,              )
      Defendant.                       )
_____)

### ANSWER

Pursuant to Rule 12 of the Federal Rules of Civil Procedure,

the United States of America ("Defendant") responds to the

Complaint of Plaintiff Cynthia Baler as follows:

### FIRST AFFIRMATIVE DEFENSE

### JURISDICTIONAL STATEMENT

1.   The allegations contained in the Complaint's "Jurisdictional
     Statement" constitute jurisdictional averments and
     conclusions of law to which no response is required.  To the
     extent a response is required, Defendant denies those
     allegations.

2.   Defendant lacks knowledge and information sufficient to form
     a belief as to the truth of this Paragraph's allegations
     concerning Plaintiff's residence.  To the extent a response
     is required, Defendant denies those allegations.  Defendant
     admits that the post office located in Medfield,
     Massachusetts, the location of Plaintiff's alleged fall, is
     within this District.  The remaining allegations constitute
     conclusions of law to which no response is required.  To the
     extent a response is required, Defendant denies those
     allegations.

3.   Paragraph 3 of the Complaint contains allegations that
     constitute argument and conclusions of law to which no
     response is required.

### THE PARTIES

4.   Defendant lacks knowledge and information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 4. To the extent a response is required, Defendant denies those allegations.

5. Paragraph 5 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies those allegations.

## FACTUAL ALLEGATIONS

6. Defendant admits that on or about September 11, 2002, Plaintiff was on the property of the United States Postal Service ("USPS") in Medfield, Massachusetts. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6. To the extent a response is required, Defendant denies those allegations.

7. Paragraph 7 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required.

8. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8. To the extent a response is required, Defendant denies those allegations.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10. To the extent a response is required, Defendant denies those allegations.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, including the Paragraph's subparts thereto.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

## COUNT I
## FEDERAL TORT CLAIMS ACT

13. Paragraph 13 of the Complaint contains allegations that constitute argument and conclusions of law to which no response is required. To the extent a response is required, Defendant denies those allegations.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that on March 8, 2004, USPS received a standard form 95 from Plaintiff's representative, which speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits that on March 19, 2004, the USPS rejected Plaintiff's administrative claim.  The remaining allegations contained in Paragraph 16 constitute argument and conclusions of law to which no response is required.

Defendant also denies each and every allegation to the Complaint not heretofore admitted, denied, or otherwise responded to.

## ADDITIONAL AFFIRMATIVE DEFENSES

1. Plaintiff's recovery against Defendant is limited to the damages recoverable under the Federal Tort Claims Act.

2. Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against Defendant in excess of that set forth in the administrative claim presented to the United States Postal Service.

3. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorneys' fees from the United States Postal Service.

4. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

5. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

6. Plaintiff's injuries, damages and losses, if any, were solely and proximately caused by her own negligence, carelessness or recklessness.

7. Defendant denies that it and/or any of its agents or employees was negligent and/or breached any duty or standard of care due to Plaintiff and/or engaged in any conduct that was the proximate cause of the injuries, damages and losses allegedly incurred by her.

8. Plaintiff's fault and negligence in causing this alleged

accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the accident.  Further, Plaintiff is prohibited from any recovery if Plaintiff's negligence is determined to be greater than any negligence of Defendant.

9.   Plaintiff fails to state a claim upon which relief may be granted.

10.  Without conceding that the Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendant, the Plaintiff has failed to mitigate her damages.

WHEREFORE, Defendant, having fully answered, prays that this action be dismissed with prejudice; that the Plaintiff takes nothing by reason of her Complaint; and that the Defendant be granted its cost and such further relief as the Court may deem just.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Dated: November 1, 2004        By:   /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney
John Joseph Moakley Federal
 Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

**CERTIFICATE OF SERVICE**

I certify that on November 1, 2004, I caused a copy of the foregoing Answer to be served on Plaintiff's Attorney, Jeffrey Roy, Ravech & Roy, P.C., One Exeter Plaza, 699 Boylston Street, Boston, MA 02116, by first class mail, postage pre-paid.

 /s/ Damian W. Wilmot
DAMIAN W. WILMOT
Assistant U.S. Attorney