UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

CYNTHIA BALER,                          )
            Plaintiff,                  )
                                        )
vs.                                     )   C.A. No. 04-11885-JLA
                                        )
UNITED STATES OF AMERICA,               )
            Defendant.                  )

## PLAINTIFF CYNTHIA BALER'S CONCISE STATEMENT OF THE MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE TO BE TRIED

1.  Plaintiff admits the allegations set forth in paragraphs 1-6, 10-11, 13-16, and 20-38 defendant's concise statement.

2.  Plaintiff denies the remaining allegations set forth in defendants concise statement, and sets forth the following material facts of record as to which there exists a genuine issue to be tried.

3.  With regard to the allegations in paragraphs 7-8, the mats which were located in the vestibule at the time of plaintiff's fall were removed shortly after plaintiff's incident at the direction of Stephen Kelley. Kelley deposition, page 16. Kelley eliminated four of the seven mats in use at the Medfield Post Office in October 2002 (a month after plaintiff's fall). Kelley deposition, pages 21-22. He eliminated the ones he really felt he "didn't need as much." The court can infer from this testimony, that contrary to the assertions set forth in defendant's concise statement, the black rubber mat was not there to keep the vestibule area safe for customers. As demonstrated by the incident involving Mrs. Baler, the vestibule was less safe with the movable mat present, and removing it was a more appropriate precaution for the safety of customers.

2

4.    With regard to the allegations set forth in defendants paragraph 9, plaintiff states that
      Stephen Kelley's knowledge of prior incidents is limited in that he has only worked at the
      Medfield Post Office since 2000. Kelley deposition, pages 4-5. Moreover, the mats were
      only in place until October 2002, when they were removed at the direction of Stephen
      Kelley. Kelley deposition, page 16. Accordingly, defendant's allegation must be limited
      to a closed period of less than two years.

5.    With regard to paragraphs 17 and 18 of defendant's concise statement, it should be noted
      that in his deposition, Stephen Kelley testified that Olympic Cleaning would come into
      the building anywhere between 11 and one. Kelley deposition, page 19. He never
      testified about when they would begin cleaning the vestibule area, or how long they were
      in the facility. In his affidavit, he contends that they swept and washed the entire
      vestibule area between 11 a.m. and 2 p.m.. That is somewhat inconsistent with his prior
      deposition testimony and is also troublesome for the defendant. That is, it does not seem
      to make sense to have the vestibule area cleaned and washed in the middle of the day, at
      presumably one of the busiest time periods for a post office. Moreover, if the floors were
      washed and wet at this time, this would present another dangerous situation for
      customers.

6.    With regard to paragraphs 39-42 of defendant's concise statement, Mrs. Baler did not see
      the bubbles or bumps in the mat until she was in the act of tripping over them. Cynthia
      Baler deposition, pages 23-24. As she testified, she saw them as she was walking and
      could not stop her fall. Id.

3

7.    The defendant obtained photographs of the vestibule and mat at issue. The photographs
      obtained and produced by the defendant clearly show bunching or rippling in the mat at
      issue in this case. Kelley deposition, page 24.

8.    In the photograph marked as exhibit number two at the deposition of Stephen Kelley, the
      general layout of the mat and doorways is shown. It also shows the operation of the
      doorways at the Medfield Post Office, where one door swings into the building, and the
      other swings out into the vestibule. Stephen Kelley also confirmed that the doorways
      operated in this manner. Deposition of Stephen Kelley, pages 22-23.

9.    As demonstrated by the photographs, the doorway which swings out into the vestibule
      goes into a portion of the black mat on the floor. It is a logical inference from the
      photographs and testimony that the constant swinging of the doorway into the mat is
      enough to cause rippling and bunching such as that experienced by Mrs. Baler. The
      defendant should have known that this swinging door, in conjunction with pedestrian foot
      traffic, would cause this movable mat to ripple or bunch, creating a dangerous condition
      on the premises.

10.   Stephen Kelley testified that defendant was responsible to make sure the building was
      clean and free of unsafe acts. Kelley deposition, pages 7-8. These oversight
      responsibilities also pertained to the vestibule area at issue in this case. Id., page 14.
      Thus, defendant or its agents were responsible for the placement of the movable mat in
      the vestibule of the premises at issue in this case. In addition, defendants are responsible
      for creating this dangerous condition by placing the rubber mat in the path of the
      swinging door which caused it to ripple or buckle.

4

11.  Stephen Kelley testified that the vestibule is inspected several times during the day by the defendant or its agents. Kelley deposition, page 46. Accordingly, defendant should have observed the rippling or bunching of the mat during these inspections.

12.  Had defendant properly conducted its inspections of the vestibule area, it could have taken remedial action, including but not limited to, the removal of the mat from the vestibule to eliminate the dangerous condition.

13.  Shortly after the fall by Mrs. Baler, Stephen Kelley completed an accident investigation worksheet (PS form 1700). Kelley deposition, page 37. This PS form 1700 is a document that is kept in the ordinary course of the post office's business.

14.  On the form PS 1700 referred to above, Mr. Kelley reported that Mrs. Baler caught her foot on the floor rug at the Medfield Post Office.

15.  On the PS form 1700, item 44 asks the reporter for his recommendation as to whether the claim should be allowed, if filed ("in your opinion"). In completing the form, Kelley checked "yes". The court can certainly infer that Mr. Kelley recognized at the time he completed this report that the defendant was responsible for Mrs. Baler's fall.

Plaintiff,
By her attorneys,

Jeffrey N. Roy (BBO #548618)
RAVECH & ROY, P.C.
One Exeter Plaza
699 Boylston Street
Boston, MA 02116
(617) 303-0500

DATED:      May 17, 2005

## CERTIFICATE OF SERVICE

I, Jeffrey N. Roy, hereby certify that on May 17, 2005, I served a copy of the foregoing document on the within named defendant by causing a copy of same to be:

☐ Served with the summons and complaint;

☒ Mailed, postage prepaid, to all counsel of record;

☐ Hand-delivered.

_____
Jeffrey N. Roy