```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                              )
CYNTHIA BALER,                )
                              )
     Plaintiff,               )
                              )    C.A. 04-11885-JLA
v.                            )
                              )
UNITED STATES OF AMERICA,     )
                              )
     Defendant.               )
_____)
```

**UNITED STATES OF AMERICA'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

The United States of America submits this Reply Memorandum in response to the Plaintiff's Opposition to Defendant's Motion for Summary Judgment.  Plaintiff fails to raise genuine issues of material facts as to her claim of negligence and, therefore, the Court must only apply Massachusetts law to the undisputed facts.  Following such application, the United States requests that the Court find in its favor.

**A.   THERE ARE NO GENUINE ISSUES OF MATERIAL FACT IN DISPUTE**

The Court should not consider the portions of Plaintiff's Concise Statement of Material Facts ("Statement of Facts") that do not properly follow Local Rule 56.1.  Local Rule 56.1 states in relevant part:  "Opposition to motions for summary judgment shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation."  L.R. 56.1.  For several "facts" contained

in her Statement of Facts, Plaintiff has failed to provide the Court with the reference(s) supporting the purported material fact. The Court, therefore, must ignore these unsupported statements and summarily strike them from the Statement of Facts and Plaintiff's Opposition.

For example, Paragraph 3 of Plaintiff's Statement of Facts makes the unsupported statement that the "black rubber mat was not there to keep the vestibule area safe for customers." It also inappropriately argues that "the vestibule was less safe with the movable mat present, and removing it was a more appropriate precaution for the safety of customers." This cursory and conclusory statement is not supported by any evidence and the Court must ignore and strike it.

Similarly, in Paragraph 5 of her Statement of Facts, Plaintiff, without offering any opposing evidence, improperly asks the Court to question the veracity of Mr. Kelley's undisputed statement that Olympic Cleaning arrived at the building between 11:00 a.m. and 1:00 p.m. and cleaned the building, at the latest, by 2:00 p.m. Plaintiff believes this is unlikely because this time frame is "one of the busiest time periods for a post office." Again, Plaintiff has provided no evidence to support this statement and, therefore, the Court must ignore and strike it.

In Paragraph 4 of her Statement of Facts, Plaintiff also

makes the bizarre request that the Court limit evidence of prior incidents concerning the black rubber mat in the vestibule area to a closed period of four years because Mr. Kelley has only worked at the Medfield Post Office since 2000, and the mat was removed in 2004.  <u>Infra</u> footnote 1.  The record, however, is not limited to a four year period.  Indeed, in response to Plaintiff's Interrogatories questioning whether there had been any other incidents "in which it was alleged that a person fell or was injured as a result of the condition of the vestibule and/or placement of carpets," the United States answered that "there have been no other 'incidents' in which a customer purportedly has sustained an injury while walking in the vestibule areas either before or after the subject accident." The United States placed no time limitation on its response to this interrogatory.  <u>See</u> Defendant's Answers to Interrogatories, attached hereto as Exhibit B.

Plaintiff also misrepresents the testimony of Mr. Kelley to support her purported material facts.[1]  For example, in Paragraph 9 of her Statement of Facts, Plaintiff states that a door in the vestibule area swings "into a portion of the black mat."

---

[1] Counsel for Plaintiff has agreed to correct the misstatement in Paragraphs 3 and 4 that Mr. Kelley removed the black mat in the vestibule area shortly after Ms. Baler's alleged fall on September 11, 2002.  As Mr. Kelley testified, he removed the black mat in the vestibule area in 2004 due to budget cuts to his office.  Deposition of Stephen J. Kelley ("Kelley Depo."), at 21, attached hereto as Exhibit A.

Plaintiff does not cite to any reference for this statement because there is absolutely no evidence supporting this statement.  Indeed, Mr. Kelley testified during his deposition that the door in front of the black rubber mat swung away from the mat without touching it.  Kelley Depo. at 23.  The Court must strike and ignore this entire paragraph.  While there are several other examples, the United States simply asks the Court to ignore and strike all statements in Plaintiff's Statement of Facts that are not supported "with page references to affidavits, depositions and other documentation."  L.R. 56.1.

The United States's Statement of Facts, however, is supported properly and, as discussed above, not properly opposed.  Because the Plaintiff's opposition fails properly to controvert the government's statement of undisputed facts, "material facts of record set forth in [the government's concise statement of material facts] will be deemed for purposes of the motion to be admitted by [the Plaintiffs] . . . ."  L.R. 56.1; see also Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) ("Because the [plaintiff] did not controvert the statement of undisputed material facts that the defendants filed with their summary judgment motion, we deem those facts admitted . . . ."); GE Capital Healthcare Fin. Servs. v. Fall River Walk-In Emergency Med. Office, P.C., CA No. 02-11789-RCL, 2004 U.S. Dist. LEXIS 75, at *3 (D. Mass. Jan. 7, 2004).  As such, the

Court must take the government's proffered facts as true and undisputed. Given that the material facts are undisputed, this Court need only apply the law to resolve the Complaint.

**B.    THE PLAINTIFF CANNOT ESTABLISH THAT THE UNITED STATES CREATED, KNEW OF OR SHOULD HAVE KNOWN OF THIS ALLEGEDLY "DANGEROUS" CONDITION**

While the Post Office owes its customers a duty to keep its premises reasonably safe for their use; it is not an insurer of customer's safety. See White v. Mugar, 280 Mass. 73, 75 (1932). Where, without action for which it is responsible, a dangerous condition arises, Massachusetts law allows the Post Office reasonable opportunity to (i) become informed of the danger, and (ii) take measures to remedy it. Id. The Court can find that the Post Office breached its duty of care owed to Plaintiff only if these opportunities existed and it failed to act on them. Id.

As stated in previously, Plaintiff can prove that the Post Office breached its duty of care in one of three ways. To prevail in this case Plaintiff must demonstrate that (i) the Post Office or its agents actually caused the mat to bunch to such a degree that it was a dangerous condition, (ii) the Post Office or its agents actually knew that the mat was bunched up (or was prone to bunching) to such a degree that it was a dangerous condition, and had a reasonable opportunity to remedy the mat, or (iii) the mat was bunched up to such a degree that it was a dangerous condition long enough that the Post Office should have

discovered it and remedied it.  See Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 167 (Mass. 1973).

Plaintiff has presented no evidence that Post Office caused or actually knew that the mat was bunched up or was prone to bunch up to such a degree that it was a dangerous condition.  In fact, the record evidence shows the exact opposite.  It is undisputed that the Plaintiff is the only customer to ever trip, stumble or fall in the Medfield Post Office as a result of the rubber backed mat.  Kelley Depo. at 26.  Therefore, Plaintiff must prove that the mat was bunched up long enough that the Post Office should have discovered it and remedied it.

As stated previously, Plaintiff can meet this burden by direct evidence.  Falling well short, Plaintiff cites only to photographs of the vestibule area to support her claim that a door swings "constantly" into the mat and causes it to bunch up.  The photograph, however, does not show any door swinging into the mat.  Indeed, in the one photograph that shows an open door, that door is swinging away from the mat.  Moreover, as stated above, there is no evidence that a door in the vestibule area swings "into a portion of the black mat" and causes it to bunch up.  Further, Plaintiff fails to provide any evidence as to when this photograph was taken.  The only fact that is clear about these photographs are that they were not taken before the incident, but after.  Obviously, Mr. Kelley could have taken this photograph

just following Ms. Baler's incident. Kelley Depo. at 24, 39-40. Mrs. Baler's fall could easily explain the bunches in the photographed mat. Nevertheless, what actually caused the photographed mat to bunch is immaterial because these photographs provide no evidence as to how long the mat may have been bunched up or whether the Post Office had a reasonable opportunity to discover and remedy the mat. Plaintiff also cannot meet her burden by circumstantial evidence. As such, Plaintiff can produce no evidence, either direct or circumstantial, of the length of time the mat was allegedly bunched up before Ms. Baler fell.

Plaintiff's reliance on the cases she claims deals with "defective conditions arising from mats on floors" is misplaced. In each of the cases there was circumstantial evidence that the defective condition caused by mat had existed for some time and, therefore, the landowner should have discovered the defect and remedied it. For example, in <u>Mulloy v. Kay Jewelry Co.</u>, 289 Mass. 264 (1934), portions of the mat were worn and smooth indicating that it had been laying in its defective state for some time. Similarly, in <u>Tovey v. G.E. Lothrop Theatres Co.</u>, 288 Mass. 346 (1934), the mat in question was ragged, torn, and worn and had been laying in its defective state for three years. There is no evidence in the instant case that suggests the United States left the mat in a defective condition for some extended or

unreasonable length of time.  In sum, Plaintiff can not prove that the United States breached its common-law duty of reasonable care to Plaintiff on September 11, 2002.

## CONCLUSION

Accordingly, for the reasons articulated above and in the United States's Memorandum of Law in Support of its Motion for Summary Judgment, the claims the United States should be dismissed.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:  /s/ Damian W. Wilmot
>DAMIAN W. WILMOT
>Assistant U.S. Attorney
>Moakley Federal Courthouse
>One Courthouse Way, Suite 9200
>Boston, MA 02210
>(617) 748-3100

Dated: May 31, 2005

## CERTIFICATE OF SERVICE

Suffolk, ss.                              Boston, Massachusetts
                                          May 31, 2005

I certify that on May 25, 2005, I caused a copy of the foregoing Motion to be served on Plaintiff's Attorney, Jeffrey N. Roy, Ravech & Roy, P.C., One Exeter Plaza, 699 Boylston Street, Boston, MA 02116, by first class mail, Postage pre-paid.

>  /s/ Damian W. Wilmot
>DAMIAN W. WILMOT
>Assistant U.S. Attorney