**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA BALER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No.  04-11885-PBS |
| UNITED STATES OF AMERICA | ) ) ) |
| Defendant. | ) |

### DEFENDANT'S ANSWERS TO INTERROGATORIES

COMES NOW The United States of America ("Defendant"), by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Damian Wilmot, Assistant United States Attorney, and, for its Answers to Interrogatories, states as follows:

### I. GENERAL OBJECTIONS

These general objections apply to each Interrogatory as though restated in full in Defendant's answers to each Interrogatory:

1. Defendant objects to any and all Interrogatories to the extent they seek information protected from disclosure by the attorney/client privilege, attorney work product doctrine, deliberative process, or any other applicable privilege.

2. Defendant objects to any and all Interrogatories to the extent they seek disclosure of the mental impressions, conclusions, opinions, legal research and legal theories of counsel.

3. Defendant objects to any and all Interrogatories to the extent

they seek to discover the manner or method of proof at trial.

    4.    Defendant objects to any and all Interrogatories to the extent they seek information that is irrelevant, overly broad, vague, unduly burdensome to produce, or not reasonably calculated to lead to the discovery of admissible evidence.

    5.    As set forth in Federal Rule of Civil Procedure 26(b)(1), Defendant objects to any and all Interrogatories to the extent that a Request improperly expands the scope and limits of discovery beyond the claim or defenses of any party, without first properly obtaining a court order permitting said discovery.

    6.    Defendant objects to any and all Interrogatories to the extent they seek information that is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.

## II. CONDITIONS

    1.    These Answers are made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

    a)    All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

    b)    The right to object to the use of any information that may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

    c)    The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these

Interrogatories; and

      d) The right at any time to revise, correct, supplement, clarify or amend this response in accordance with the Federal Rules of Civil Procedure.

2. All responses to Interrogatories are based on Defendant's best understanding of the Interrogatories and/or the terms used therein. Such responses cannot properly be used as evidence except in the context in which Defendant understood the Interrogatories and/or the terms used therein.

3. These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

### III. SPECIFIC ANSWERS AND OBJECTIONS

1. Please identify:

    a. yourself;

    b. the defendant company;

    c. all trade, industry or professional associations, societies and organizations of which the defendant is or has been a member, and state the inclusive dates of membership;

    d. each person whom you, the affiant, consulted or caused to be consulted with respect to the matters inquired about in these interrogatories (specify for each such person each interrogatory with respect to which he or she was so consulted); and

    e. each document which you, the affiant, reviewed or caused to be reviewed with respect to the matters inquired about in these interrogatories (specify for each such document each interrogatory with respect to which it was so reviewed).

ANSWER: a. Brittany R. Rowley

             b. United States Postal Service

    c. Defendant objects to Interrogatory No. 1 Subpart (c) on the grounds that the information sought is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence.

    d. Defendant objects to Interrogatory No. 1 Subpart (d) to the extent the information sought is protected by the work product doctrine and/or attorney-client privilege. Subject to, and without waiver of, the foregoing general and specific objections, Defendant states that Steven Kelley, Postmaster, Medfield Post Office, was consulted with respect to Interrogatories 2 - 4, 7, 8, 10, 11, 13, 15, and 16.

    e. Defendant objects to Interrogatory No. 1 Subpart (e) to the extent the information sought is protected by the work product doctrine and/or attorney-client privilege. Subject to, and without waiver of, the foregoing general and specific objections, Defendant consulted those documents contained in Plaintiff's Administrative Claim File, specifically PS Form 1700, PS Form 1769, and a copy of the United States Postal Service Lease pertaining to the property that is the subject of this Litigation.

2. Please identify:

    a. all persons whom either observed or responded to the subject incident or were in the area at the time of the subject incident; and

    b. all persons from whom the defendant, its insurer(s), attorney(s) and/or investigator(s) have secured statements, or from whom statements have been secured on the defendant's behalf, or whose statements have been made available to the defendant.

ANSWER:    a. Stephen J. Kelley, Postmaster, Medfield Post Office
    Paul Galofaro, Clerk, Medfield Post Office
    Kathy Gould, Clerk, Medfield Post Office

    b. Defendant objects to Interrogatory No. 2 Subpart (b) to the extent the information sought is protected by the work product doctrine and/or attorney-client privilege. Subject to, and without waiver of, the foregoing general and specific objections, Defendant has secured statements from Stephen J. Kelley, Cynthia Baler, and Phil Baler taken on September 11, 2002.

4

3. Please identify each employee of the defendant at the subject property on September 11, 2002, and set forth their job titles, duties and responsibilities.

ANSWER: Defendant objects to Interrogatory No. 3 to the extent the information sought is overly broad and unduly burdensome to produce, irrelevant, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. Subject to, and without waiver of, the foregoing general and specific objections, Defendant states that in addition to Stephen Kelley, the front lobby clerks on duty at the time of the occurrence, Paul Galofaro and Kathy Gould, would be the only other employees of Defendant with any knowledge of the relevant facts of this case.

4. Please identify:

   a. the property manager and/or the assistant property manager during the time period 8:00 a.m. to closing on the day of the subject incident; and

   b. those persons responsible for maintaining the parking lot and walkway areas at the subject property on the day of the subject incident.

ANSWER: Stephen J. Kelley, Postmaster of the Medford Post Office, was the officer in charge on the day of the subject incident. Defendant objects to Interrogatory No. 4(b) on the basis that the information sought is not relevant to the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. Specifically, Plaintiff alleges that she tripped on a rug in the lobby of the Medford Post Office. There are no allegations in the Complaint regarding the parking lot and/or the walkway areas.

5. If the defendant is aware of any codes, safety standards, safety restrictions, laws, statutes, or ordinances applicable to the subject property on September 11, 2002, please describe those upon which defendant relied in maintaining the subject property on September 11, 2002.

ANSWER: Defendant objects to Interrogatory No. 5 on the basis that it is overly broad and unduly burdensome to produce, irrelevant, and not reasonably calculated to lead to the discovery of relevant or admissible evidence. The interrogatory is not limited in scope and requires Defendant to try to pinpoint any number or codes, standards, statutes or ordinance that might be "applicable to the subject property." Moreover, to the extent Plaintiff seeks public statutes, ordinance, laws and regulations, such items are in the public domain and equally available to Plaintiff.

6. Please identify the owner of the subject property at the time of the subject incident.

ANSWER: Town of Medfield and Williamsburg Company Inc.

7. Please identify each tenant or occupant of the subject property at the time of the subject incident and, as to each, please indicate the portion of the subject property leased or occupied.

ANSWER: None other than Defendant.

8. Please identify each present officer, director, agent, servant or employee of the defendant who has the most knowledge about each of the following areas with respect to the subject property, and with respect to the area adjacent to the parking lot and walkway areas at the subject property on the date of the subject incident:

    a. management of the subject property;
    b. inspections of the subject property; and,
    c. safety policies and procedures.

ANSWER: Stephen J. Kelley

9. If the defendant was not in control of the subject property at the time of the subject incident, then please state:

    a. whether the defendant had the right to control the subject property at the time of the subject incident;

    b. identify each person or entity who (1) was in control of the subject property at the time of the subject incident and/or (2) who had the right to control the subject property at the time of the subject incident; and

    c. state as to each for how long a period of time before the subject incident each such person or entity was in control or had the right to control the

subject property.

ANSWER: Defendant objects to Interrogatory No. 9 on the basis that the term "control" is vague and ambiguous. USPS leases the facility in which the Medfield Post Office is located. The lease sets forth the obligations of the parties. Defendant attaches a copy of the lease herewith, which is Bates stamped USPS0009-USPS0031.

10. Please describe all inspections performed either before or after the subject incident by the defendant or on the defendant's behalf of the subject property, and include in your answer as to each such inspection:

    a. the time and date;

    b. the purpose of the inspection;

    c. the observations made;

    d. the identity of the person conducting the inspection; and,

    e. identify all documents which evidence each such inspection.

ANSWER: Defendant objects to Interrogatory No. 10 on the basis that the term "inspections" is vague and ambiguous. Defendant further objects that the Interrogatory is not limited in time or scope, and thus, is overly broad. Subject to, and without waiver of the foregoing general and specific objections, Defendant performs three (3) inspections of the vestibule area per day. Answering further, Stephen J. Kelley performs a visual inspection of the rubber-backed mats in question three times per day. Defendant has no documents that evidence such inspection.

11. If any other incident has occurred (either before or after the subject incident) in the vestibule areas, please provide the following information for each such incident:

    a. its date;

    b. a description of what happened;

7

    c.    identify the person involved or injured; and

    d.    the case name, court, docket number, and the identity of the plaintiffs attorney for any lawsuit filed as the result of the incident.

ANSWER:  Defendant objects to Interrogatory No. 11 on the basis that the term "incident" is vague and ambiguous. Defendant further objects that the Interrogatory is not limited in time or scope, and thus, is overly broad. Defendant states there have been no other "incidents" in which a customer purportedly has sustained an injury while walking in the vestibule areas either before or after the subject accident.

12.     If any other incident has occurred (either before or after the subject incident) at the subject property in which it was alleged that a person fell or was injured as a result of the condition of the vestibule and/or placement of carpets, please provide the following information for each such incident:

    a.    its date;

    b.    a description of what happened;

    c.    identify of the person involved or injured; and

    d.    the case name, court, docket number, and the identity of the plaintiffs attorney for any lawsuit filed as the result of the incident.

ANSWER:  See response to Interrogatory No. 11 above.

13.     State for each act of maintenance or repair work, performed by or for you upon the vestibule areas of the subject property during the ten year period prior to September 11, 2002 the following:

    a.    Date of each act of maintenance and/or repair;

    b.    Nature of each act of maintenance and/or repair;

    c.    Name and address of the person performing each act of maintenance and/or repair; and

    d.    Reason for each act of maintenance and/or repair.

ANSWER: There were no acts of maintenance or repair work, other than routine housekeeping, performed upon the vestibule areas of the subject property from May of 1998, the date the subject property was erected, to the subject occurrence.

14.    Please state the basis for each of the affirmative defenses set forth in defendant's answer.

ANSWER: Defendant objects to Interrogatory No. 14 to the extent it seeks the disclosure of mental impressions, conclusions, opinions, legal research and legal theories of counsel. Defendant further objects to this Interrogatory on the basis that the information sought is protected from disclosure by the attorney/client and attorney work-product privileges respectively. Subject to, and without waiver of, the foregoing general and specific objections, Defendant contends that the rubber-backed mats placed at the front entrance of the Medfield Post Office did not constitute a hazard or dangerous condition and were an open and obvious condition. Plaintiff's injuries were caused by her own negligence in failing to ensure her safety while entering and/or exiting the Post Office.

15.    Please describe how, and specify the date when, the defendant first learned of the subject incident.

ANSWER: On September 11, 2002, Phil Baler approached a clerk at the front lobby desk and informed him or her of Cynthia Baler's fall. The clerk then summoned Stephen Kelley who immediately went to the front lobby to investigate. Mrs. Baler informed Mr. Kelley that her foot got caught in a bubble in the rug and she fell.

16.    If the defendant has any knowledge that the plaintiff had any prior injuries to those parts of the plaintiffs body alleged to have been injured in the subject incident complained of, please state:

    a.    the dates of said prior injuries, and where the incidents, if any which gave rise to the injuries, occurred; and

    b.    the identities of all doctors, hospitals and other health care providers who treated the plaintiff for said prior injuries.

9

ANSWER: Defendant states that it currently has no such knowledge.

17. If the defendant claims that the actions of any other person or entity other than the plaintiff or the defendant affect the rights, duties, liabilities or obligations of the parties in this action, please:

    a. identify each such person or entity; and

    b. set forth fully all facts upon which such claim is based.

ANSWER: Defendant had a contract with G & K Services to replace the mats/rugs on a biweekly basis.

18. As to each statement taken by or on behalf of the defendant, or known to the defendant, which evidences the subject incident and to the subject matter of this lawsuit, please provide the following information:

    a. how the statement was taken or preserved and its date;

    b. the identity of the person taking the statement;

    c. the identity of the person giving the statement;

    d. the subject matter, in full and substantial detail; and

    e. the identity of its present custodian.

ANSWER: Defendant objects to Interrogatory No. 18 to the extent the information sought is protected by the work product doctrine and/or attorney-client privilege. Subject to, and without waiver of, the foregoing general and specific objections, see response to Interrogatory No. 15 above. Answering further, Defendant is in possession of Plaintiff's SF-95 where she provided the basis of her claim. See also documents contained in the Administrative Claim File, which were provided with Defendant's Initial Disclosures.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By: _____
Damian Wilmot
Assistant United States Attorney
District of Massachusetts
One Courthouse Way
U.S. Courthouse, Suite 9200
Boston, Massachusetts 02210
Tel: 617-748-3100
Fax: 617-748-3974

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was mailed this 20th day of January, 2005, to Jeffrey N. Roy, Esq., Ravech & Roy, P.C., One Exeter Plaza, 699 Boylston Street, Boston, Massachusetts 02116, Attorneys for Plaintiff.

_____
Damian Wilmot
Assistant United States Attorney

11

Signed by Attorney of Record as to Objections Only:

## CERTIFICATION

    I, Brittany R. Rowley, hereby state that I am the a Paralegal Specialist for the United States Postal Service, that, as such, I am authorized to verify the foregoing Answers to Discovery, that I have reviewed the Discovery and have prepared the foregoing Answers to Plaintiff's First Set of Discovery; that I have no personal knowledge of the facts, but to the best of my information and belief, based upon my investigation and research into the books, records, and other information available to the United States Postal Service and upon discussions with other United States Postal Service employees regarding this cause, the answers are correct. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing certification is true and correct.

*Brittany Rowley*
Brittany R. Rowley
Paralegal Specialist-National Tort Center
United States Postal Service

Dated: January 14, 2005