UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CYNTHIA BALER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | C.A. No. 04-11885-JLA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF CYNTHIA BALER'S SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

*Procedural Statement*

At the hearing on defendant's motion for summary judgment which was conducted on

June 9, 2005, the court inquired into three additional areas not covered by the original

submissions.  These inquiries concerned the following: 1) the path used by Cynthia Baler to enter

and exit the vestibule just prior to her fall; 2) citations to appropriate authorities for the

proposition that defendant can be liable for creating the dangerous condition by placing the mat

in the vestibule; and 3) plaintiff's reply to defendant's assertions that plaintiff's citations to the

record were not in conformance with the local rules.  With this supplemental memorandum,

plaintiffs shall address each of these issues.  In addition, plaintiff has filed a supplement to her

concise statement of material facts at issue to address the court's initial inquiry into the path used

by plaintiff.

*The path used by plaintiff Cynthia Baler*

Plaintiff Cynthia Baler entered the vestibule at Medfield Post Office using the entry door

to the left as you face the building from the street (Deposition of Cynthia Baler, page 16, lns. 8-

2

13) (Exhibit A).  She then entered the main post office, but does not remember the door she used to enter the main portion of the building from the vestibule (Id. p. 17, lns. 3-6).  After completing her business in the main portion of the post office, Ms. Baler returned to the vestibule using the doorway located to the right as you face the main building (Id. p. 23, lns. 4-10).   The rug at issue in this case was located directly in front of the door that Ms. Baler used to re-enter the vestibule after completing her business in the main post office (Id. p. 23, lns. 1-3).

At her deposition, Ms. Baler drew a diagram showing the layout of the vestibule area and it was marked as Exhibit 6 (Id. pp. 15-16) (**Figure 1 on page 3**).  This same area is shown more clearly in the photograph of the vestibule marked as Exhibit 2 from the deposition of Stephen J. Kelley (Deposition of Stephen J. Kelley, p. 14, lns. 4-11) (Exhibit B) (**Figure 2 on page 3**).  The diagram has been annotated to match the deposition testimony of Mrs. Baler and provide a clearer depiction of her path.  In addition, the photograph of the vestibule area shown in Figure 2 is annotated to show the pathway used by Mrs. Baler consistent with her deposition testimony.

3



**Figure 2**: Baler diagram marked as Exhibit 6.



**Figure 1**: Annotated photograph of vestibule area.

4

*Additional Legal Authorities*

Under Massachusetts law, a property owner has a duty to lawful visitors to maintain his property in a reasonably safe state. *Mounsey v. Ellard*, 363 Mass. 693, 707 (1973). A property owner is liable if he has notice that an unsafe condition existed. Notice is satisfied if 1) the property owner or its employee caused the unsafe condition; 2) the property owner or its employee had actual knowledge of the condition; or 3) the unsafe condition was present and evident for a time long enough that the property owner or its employee should have known about it. *Hoyt v. Roche Bros. Supermarkets*, 26 Fed. Appx. 25; 2002 U.S. App. LEXIS 852 (2002). (quoting *Oliveri v. Massachusetts Bay Transp. Auth.*, 363 Mass. 165, 167 (1973)). The *Hoyt* case dealt with vertical stacking of pallets on a loading dock on defendant's premises. In that case, the First Circuit ruled that the entry of summary judgment was inappropriate because there was sufficient evidence that the defendant had caused the pallets to be vertically stacked which created the dangerous condition. Likewise, in *Nye v. Louis K. Liggett Co.*, 224 Mass. 401 (1916), the court ruled that a jury could find from the evidence that a weighing machine over which the plaintiff stumbled and fell as she turned from the soda counter to pass out of the store, had been placed too near the entrance to permit customers to make their exit safely, and that the defendant in exercise of due care should have discovered this probable danger and removed the machine.

In *Murgo v. Home Depot USA, Inc.*,190 F. Supp. 2d 248 (D.C. Mass. 2002), the court considered an action where plaintiff was injured by a jack which was left in an aisle in the defendant's retail store. The defendant in *Murgo* argued that plaintiff had not demonstrated that it breached its duty of care to him because he had not shown that it failed to maintain its business

5

premises in a safe manner or, alternatively, that it had notice of the pallet jack in the aisle. The court noted that in considering a motion for summary judgment, although neither party could say with certainty how long the jack remained in the center of the aisle, there was evidence that at least two of defendant's employees were in close proximity to the jack at the time of the accident. That evidence permitted an inference, for the purposes of the summary judgment motion, that the employees may have had a reasonable opportunity to discover the location of the jack. Specifically, in *Murgo*, the court ruled that there were grounds to believe that even if Home Depot or one of its employees did not actually leave the jack in the aisle, it was nonetheless responsible for its presence there. *Id.* at 251.

The decisions in each of these cases are consistent in holding that where a foreign substance on a floor or stairway causes a lawful visitor to fall and sustain injuries, she may prove the negligence of the defendant by proof that: 1) the defendant or his servant caused the substance to be there, or 2) he may show that the defendant or his servants had actual knowledge of the existence of the foreign substance. *Oliveri v. Massachusetts Bay Transp. Auth.*, 363 Mass. 165, 167 (1973). In this case, plaintiff Cynthia Baler asserts that the placement of a movable mat in the path of a swinging door, like the pallets, weighing machine, and jack, give rise to liability on the part of the United States. Like the placement of the pallets in *Hoyt* and the weighing machine in *Nye*, particularly, a fact finder could find that the placement of a movable mat in the vestibule area where it could bunch was a probable danger that defendant itself created, and should have discovered in the exercise of due care.

6

*References in Plaintiff's Concise Statement of Facts*

In a reply memorandum, defendant asserts that in her statement of facts, plaintiff has failed to provide the court with references supporting the purported material fact.  To the contrary, all of the facts set forth in plaintiff's statement make clear references to either depositions, exhibits, answers to interrogatories, or other evidence in the case.  Moreover, it appears that defendant is taking issue with the inferences that plaintiff is asking the court to make based upon these factual assertions.  It is entirely appropriate in the context of the summary judgment motion, for the non-moving party to highlight those inferences from the evidence. Even though basic facts are undisputed, summary judgment is improper if parties disagree regarding material factual inferences that properly may be drawn from these facts. *Cole v Chevron Chemical Co., Oronite Div.*, 427 F2d 390 (5th Cir. 1970) . When evaluating such evidence, the court must draw all reasonable inferences in favor of the nonmovant. *Cipollone v. Yale Indus. Prod., Inc.*, 202 F.3d 376, 378 (1st Cir. 2000).  In her submittal, plaintiff offers both undisputed facts and suggests reasonable inferences from those facts.

It is often case that although basic facts are not in dispute, the parties in good faith may nevertheless disagree about inferences to be drawn from these facts.  *S. J. Groves & Sons Co. v Ohio Turnpike Com.*, 315 F2d 235, 7 FR Serv 2d 1051 (6th Cir. 1963), *cert den.*, 375 US 824, 11 L Ed 2d 57, 84 S Ct 65 (1963).  Even where facts bearing upon issue of negligence are undisputed, if reasonable minds could reach different conclusions and inferences from such facts, the issue must be submitted to trier of fact. *E. D. Systems Corp. v Southwestern Bell Tel. Co.*, 674 F2d 453 (5th Cir. 1982) ; *Jenkins v United Steel Workers,* 522 F Supp 80 (E.D. Pa. 1981). *Doe v United States Civil Service Com.* 483 F Supp 539 (S.D. NY 1980).  Further, to defeat a

7

summary judgment motion, the opposing party need not prove that factual inferences drawn by the moving party are actually incorrect, but it is enough for the opposing party to show that contrary inferences might be permissible. *United States v General Motors Corp*., 65 FRD 115 (D.C. Dist. 1974).  When inconsistent or opposing inferences may reasonably be drawn from undisputed facts as to which reasonable men might differ, the case may not be determined on motion for summary judgment, because determination of which inference is correct calls for a factual determination when a fuller record has been developed after evidentiary hearing. *Anchor Hocking Corp. v Eyelet Specialty Co.,* 377 F Supp 98, 183 USPQ 87 (D.C. Del. 1974).

Addressing the defendant's example of paragraph 3 from plaintiff's concise statement of facts, it is a correct assertion to state that the black rubber mat was not there to keep the vestibule area safe for customers.  That is certainly a fair inference to draw from the evidence that these mats were removed by the defendant sometime after plaintiff's incident, from the testimony of Stephen Kelley that he eliminated the mats he felt he didn't need as much, and from the occurrence of plaintiff's incident.  Plaintiff has urged throughout her argument that the vestibule was less safe because this movable mat was placed in an area where it could get bunched and cause a tripping hazard.

Defendant next takes issue with paragraph 5 from plaintiff's statement.  In that paragraph, plaintiff simply pointed out inconsistencies in the testimony of Stephen Kelley.  At his deposition, Mr. Kelly was vague about when the cleaning company arrived at the building, but in an affidavit prepared sometime later, he professes to know when the company cleaned the vestibule with precision.  It is appropriate for the plaintiff to question the veracity of these

8

statements, and request that the inference be drawn in her favor. More importantly, a witness cannot attempt to change deposition testimony through a later affidavit.

With regard to paragraph 4, plaintiff's request that the court limit evidence of prior incidents based on Stephen Kelley's tenure at the Medfield facility is entirely appropriate. Defendant's answers to interrogatories were not a part of the original record submitted by defendant in support of its motion for summary judgment. They were not filed with the court until they were attached to defendant's reply memorandum, which was filed after plaintiff's concise statement. Moreover, the answers to interrogatories contain a certification on the last page indicating that the individual who signed the answers possesses "no personal knowledge of the facts".

Finally, the United States asserts that plaintiff misrepresents the testimony of Stephen Kelley in paragraph 9 of her statement of facts. Contrary to this assertion, paragraph 9 does not refer to the testimony of Stephen Kelley. Instead, it refers to a photograph which was marked as exhibit number two from Mr. Kelly's deposition. The photograph clearly depicts a doorway which swings out into the vestibule and whose radius clearly incorporates a portion of the mat. It is also important to note that the photographs taken by the defendant (attached as exhibit E to plaintiff's memorandum of law) shortly after Mrs. Baler's incident clearly show bunching or rippling in the mat at issue. Plaintiff is certainly entitled to the inference that the defendant was nonetheless responsible for the presence of this bunching or rippling there, based upon the fact that the defendant or its agents placed that mat in the path of a swinging door.

9

*Conclusion*

In light of the foregoing, defendant's motion for summary judgment should be denied.


Plaintiff,
By her attorneys,

s/Jeffrey N. Roy
Jeffrey N. Roy (BBO #548618)
RAVECH & ROY, P.C.
One Exeter Plaza
699 Boylston Street
Boston, MA 02116
(617) 303-0500
BBO #548618